**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

PRINCESS CRUISE LINES, LTD.,

     Plaintiff,

v.                                                   Case No.: 26-cv-61985

ALMOD DIAMONDS LTD., INC.,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, Princess Cruise Lines, Ltd., sues Defendant, Almod Diamonds Ltd., Inc., and alleges the following:

### **INTRODUCTION**

1. This is an action for breach of the written Guarantee Agreement issued by Almod Diamonds Ltd., Inc. ("Almod") in favor of Princess Cruise Lines, Ltd. ("Princess" or "Company").

2. Princess granted Almod's subsidiary, Crown Jewels by Diamonds International Corp ("Diamonds International"), a Fine Jewelry Sales Concession Agreement (the "Concession Agreement") based on the express condition that Almod guarantee payment and sign the Guarantee Agreement. Specifically, in the Guarantee Agreement, Almod "irrevocably, absolutely, and unconditionally" guaranteed the "prompt and full payment in United States currency and performance" of Diamonds International's payment obligations under the Concession Agreement.

3. The Concession Agreement requires Diamonds International to timely pay Princess a guaranteed amount each quarter. If Diamonds International fails to pay, Almod must

pay Princess immediately upon demand.

4.      Prior to filing, Diamonds International failed to make the required quarterly payments despite Princess taking action to collect such payments from Diamonds International. Pursuant to the Guarantee Agreement, Princess issued a Guarantee Call Notice to Almod for the payments that Diamonds International failed to pay promptly.

5.      Almod has breached the Guarantee Agreement by failing to make the required payments after receiving Princess's demand.

6.      Accordingly, Princess is entitled to damages and reasonable costs and attorneys' fees for Almod's breach of the Guarantee Agreement.

## PARTIES, JURISDICTION, AND VENUE

7.      Princess is incorporated in Bermuda and has its principal place of business in Fort Lauderdale, Florida. Princess is a citizen of Bermuda and Florida for jurisdictional purposes.

8.      Almod is incorporated in New York with its principal place of business in New York. Almod is a citizen of New York for jurisdictional purposes.

9.      Because Princess seeks over $3,000,000 in damages, this action exceeds the $75,000 jurisdictional threshold.

10.     This Court has diversity subject matter jurisdiction because the parties' citizenship is completely diverse and the amount in controversy exceeds the jurisdictional threshold.

11.     This Court has specific personal jurisdiction over Almod.  Almod entered into the Guarantee Agreement with a Florida-based corporation and breached that agreement by failing to make payments to Princess in Florida.  *See* Fla. Stat. § 48.193(1)(a)(7). Further, Almod has executives in Florida who made the decisions giving rise to Princess's cause of action, Almod

has production and import facilities in Florida that were used in connection with the agreements giving rise to Princess's cause of action, and Almod conducts significant business within Florida such that Almod's due process rights would not be infringed by defending Princess's cause of action in Florida.

12.     Venue is proper in this Court because the conduct giving rise to this breach of guarantee action—such as entering into the Guarantee Agreement with a Florida-based corporation and failing to make payments to the same Florida-based corporation—occurred within the Southern District of Florida.

**GENERAL ALLEGATIONS**

***The Concession Agreement***

13.     The Concession Agreement between Princess and Almod's subsidiary, Diamonds International, became effective on August 1, 2023. (*See* Concession Agreement attached and incorporated as Exhibit 1.)

14.     The Concession Agreement's initial term was two years following the first revenue sailing of the Princess' vessel, the Sun Princess, ending in February 28, 2026. (*Id*. § 1.2.) However, Princess exercised its right to renew the Concession Agreement another year, extending the term through February 28, 2027. (*See* Princess's Notice of Renewal attached and incorporated as Exhibit 2.) This renewal was timely and effective pursuant to section 1.2 in the Concession Agreement. (*See* Ex. 1 at §1.2.)

15.     Under the Concession Agreement, Princess agreed to allow Diamonds International to operate a fine jewelry boutique onboard Princess's vessel, the Sun Princess. (*Id*. at 1.)

16.     In return, Diamonds International is required to pay Princess quarterly minimum

revenue guarantee payments during the Concession Agreement's term. (*Id*. at § 5.5(a).)

17.    As a material inducement to enter into the Concession Agreement, Princess required Diamonds International's parent company, Almod, to enter into the Guarantee Agreement. Indeed, the Concession Agreement makes clear: "Upon execution of this Agreement, Concessionaire shall provide a Guarantee Agreement from its affiliate, Almod Diamonds, Ltd., Inc., as guarantor, in form and substance identical to Exhibit A attached hereto[.]" (*See id*. at § 7.1 & Exhibit A.)

### *The Guarantee Agreement*

18.    As required by the Concession Agreement, Princess and Almod entered into the Guarantee Agreement at the same time Princess and Diamonds International entered into the Concession Agreement. (*See* Guarantee Agreement attached and incorporated as Exhibit 3.)

19.    Under the Guarantee Agreement, Almod agrees to fully pay any amount that Diamonds International fails to pay. More specifically, the Guarantee Agreement states: "As a material inducement to Company to enter into the [Concession] Agreement, the Guarantor has agreed to issue in favor of Company, this Guarantee Agreement pursuant to which the Guarantor guarantees all of the Payment Obligations defined below." (*Id*. at 1.)

20.    In defining Almod's Payment Obligations, the Guarantee Agreement states in full:

> Obligations of the Guarantor. **The Guarantor irrevocably, absolutely and unconditionally guarantees to Company, its successors and assigns (whether collateral assigns or otherwise), the prompt and full payment in United States currency and performance of the Payment Obligations (defined below) and agrees in the event Concessionaire fails to fully and timely perform said Payment Obligations, to fully and timely perform same immediately upon demand**. "**Payment Obligations**" means the Minimum Revenue Guarantee (as such term is defined in the Agreement), not subject of a bona fide dispute, and includes, without limitation, (i) all principal and interest (including all interest which accrues after the commencement of any case or proceeding in bankruptcy

after the insolvency of or for the reorganization of Concessionaire, whether or not allowed in such proceeding)…

(*Id*. at § 1 (emphasis added).)

21.     To trigger Almod's absolute and unconditional Payment Obligations, Princess must first seek prompt payment from Diamonds International. If Diamonds International fails to promptly pay Princess, Princess will notify Almod "in writing that it has elected to proceed against" Almod. (*Id*. at § 6.) Such written notice is defined as the "Guarantee Call Notice." (*Id*.)

22.     If Almod fails to pay its Payment Obligations after receiving a Guarantee Call Notice, Princess is entitled to the full amount owed under the Concession Agreement as well as reasonable attorneys' fees and costs associated with having to file suit to enforce the Guarantee Agreement. (*Id*. at § 7.)

### *Almod Breaches the Guarantee Agreement*

23.     On March 9, 2026, Princess invoiced Diamonds International $1,272,880.00 for the first-quarter 2026 Minimum Revenue Guarantee payment, which Diamonds International was obligated to promptly pay pursuant to the Concession Agreement. (*See* Q1 Minimum Revenue Guarantee Invoice attached and incorporated as Exhibit 4.) Diamonds International had thirty days to dispute the invoice or promptly pay it. Diamonds International did not dispute the invoice, so the payment became past due after April 9, 2026.

24.     Diamonds International failed to pay the invoice. Accordingly, on April 15, 2026, Princess served Diamonds International with a demand letter, demanding that Diamonds International pay the past-due invoice within fifteen days to cure the breach of the Concession Agreement. (*See* Demand Letter dated April 15, 2026, attached and incorporated as Exhibit 5.) Diamonds International never cured the breach because Diamonds International never paid the first-quarter 2026 Minimum Revenue Guarantee payment.

25. On May 13, 2026, Princess sent Diamonds International a second demand letter, demanding immediate payment of the overdue first-quarter 2026 Minimum Revenue Guarantee payment, and advising Diamonds International that it had materially breached the agreement by failing to make prompt payment. (*See* Demand Letter dated May 13, 2026, attached and incorporated as Exhibit 6.)

26. On June 26, 2026, Princess notified Almod that Diamonds International failed to make payment and demanded that Almod make prompt payment of $1,272,880.00 pursuant to the Payment Obligations under the Guarantee Agreement. (*See* Guarantee Notice attached and incorporated as Exhibit 7.)

27. Almod never paid Princess for the first-quarter 2026 Minimum Revenue Guarantee payment that Almod owes under the Guarantee Agreement.

28. On June 5, 2026, Princess issued an invoice to Diamonds International for $1,952,799.00 for the second-quarter 2026 Minimum Revenue Guarantee payment that Diamonds International is required to pay under the Concession Agreement. (*See* Q2 Minimum Revenue Guarantee Invoice attached and incorporated as Exhibit 8.) Diamonds International had thirty days to dispute the invoice or promptly pay it. Diamonds International did not dispute the invoice, so the payment became past due after July 5, 2026.

29. Because Diamonds International failed to promptly pay after Princess's attempt to receive payment from Diamonds International, and in accordance with the Guarantee Agreement, Princess served Almod with a Guarantee Call Notice on July 16, 2026, advising Almod that it must make prompt payment of $3,225,679.00, representing the sum total for the first and second quarter Minimum Revenue Guarantee payments. (*See* Guarantee Call Notice attached and incorporated as Exhibit 9.)

30. Almod has failed to pay Princess what is owed under the Guarantee Agreement.

31. All conditions precedent to filing suit have been completed.

## <u>COUNT I</u>
### Breach of Guarantee Agreement

32. Princess realleges and incorporates the allegations in paragraphs 1 through 31.

33. Almod offered to absolutely and unconditionally guarantee prompt payment for Diamonds International's payment obligations under the Concession Agreement. Princess accepted the offer and, in return, granted Almod's subsidiary, Diamonds International, the Concession Agreement. Given the offer and acceptance, the parties entered into the written Guarantee Agreement, which is a binding and enforceable contract.

34. Princess has fully performed its obligations under the Guarantee Agreement.

35. The Guarantee Agreement required Almod to promptly pay all obligations under the Concession Agreement that Diamonds International fails to pay timely.

36. Diamonds International failed to timely pay the undisputed invoices for the first and second quarter Minimum Revenue Guarantee payments, totaling $3,225,679.00. (See Exs. 4 & 6.)

37. Because Diamonds International failed to timely pay the invoices, Princess notified Almod that Princess elected to pursue Almod for prompt payment of the past due invoices. (Exs. 5 & 7.)

38. Almod breached the Guarantee Agreement by failing to pay Princess $3,225,679.00 as required by the agreement.

39. Princess has had to hire undersigned counsel to enforce the Guarantee Agreement and file this suit.

40. Due to Almod's breach, Princess is entitled to recover its reasonable costs and

attorneys' fees associated with enforcing the Guarantee Agreement and filing suit.

WHEREFORE, Princess respectfully requests this Court to grant judgment against Almod, ordering Almod to fully comply with all obligations set forth in the Guarantee Agreement and award Princess damages including interest, attorneys' fees, costs, and all other relief this Court deems just and proper.

*/s/ Luis E. Llamas*
**LUIS LLAMAS**
Florida Bar No.: 89822
llamas@joneswalker.com
**JAKE BARNES**
Florida Bar No.: 1032604
jacobbarnes@joneswalker.com
JONES WALKER LLP
201 S. Biscayne Boulevard, Suite 3000
Miami, FL 33131
Tel: (305) 679-5700

**-and-**

**JOSEPH G. LAVIGNE**
Louisiana Bar No.: 28119
JONES WALKER LLP
Suite 5100
201 St. Charles Ave
New Orleans, LA 70170
***Attorneys for Plaintiff Princess Cruise Lines, Ltd.***
**(Pro Hac Vice Motion Forthcoming)**